## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh)

| | |
|---|---|
| IN RE: | : |
| **Penny S. McCague** | : Bankruptcy No. 19-21166-CMB |
|    Debtor | : |
| | : Chapter 13 |
| **Penny S. McCague** | : |
|    Movant | : |
| | : Related to Doc. Nos.: 45, 46 & 64 |
| v. | : |
| | : Hearing Date: 12/18/2019 |
| **LSF9 Master Participation Trust** | : |
|    Respondent | : |
| | : |

### RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 3-1

NOW COMES, Respondent, LSF9 Master Participation Trust ("Respondent"), by and through its undersigned counsel, Phelan Hallinan Diamond & Jones, LLP, and files the within response to Debtor's Objection to Proof of Claim Number 3-1 ("Objection") and in support thereof, avers as follows:

1. This case was commenced on March 26, 2019 when Penny S. McCague (hereinafter "Debtor") filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. On May 29, 2019, Respondent filed a proof of claim at Claim No. 3-1, evidencing a secured claim in the total amount of $70,344.33, including pre-petition arrears of $41,682.49 (the "Claim"). The Claim is secured by a first priority mortgage on the real property located at 1642 Jancey Street, Pittsburgh, PA 15206 (the "Mortgaged Property").

3. On August 28, 2019, the Debtor filed an Objection to Respondent's Claim claiming that Debtor cannot determine the veracity of the Claim seeking (i) a loan history from January 1, 2006 through the bankruptcy filing date, (ii) copies of all fees and charges on the

account, (iii) copies of all escrow analyses for the account, and (iv) proof of payment of real estate taxes and insurance premiums advanced on Debtor's behalf.

4. The Debtor requests said documentation, in part, because she claims she "paid some of the advances on her own". See Objection ¶ 5. However, the Objection fails to include proof of any alleged payments made by the Debtor.

5. Specifically, Claim includes fees and costs in the aggregate amount of $27,310.23 and unpaid escrow advances of $5,404.42.

6. The Claim does not contain a 410a itemization because the Mortgaged Property is not the Debtor's principal residence.

7. For the reasons set forth below, Debtor's Objection should be denied. The Debtor has no ability to dispute the Claim as a final judgment in foreclosure was entered in state court.

8. Respondent will supplement this filing with a further itemization of charges and a loan history.

## Basis for Legal Fees and Costs Contained in the Proof of Claim

9. Under applicable law, a proof of claim is entitled to a presumption of validity. In order to overcome this presumption and shift the burden back to the creditor, a debtor must present evidence of probative force equal of that of the allegations in the creditor's proof of claim. The mere denial of the claim's validity or amount is not sufficient to rebut the *prima facie* effect of the proof of claim.[1]

10. The Debtor doesn't actually dispute the fees and costs but rather seeks documentation.

---

[1] *See, for example*, In re McCalla, 238 B.R. 94 (Bankr. M.D.Pa. 1999) (Mere allegation that certain item in mortgagee's proof of claim was incorrect was insufficient to rebut presumptive validity of proof of claim).

11. A true and correct copy of the invoices for legal fees and costs is attached hereto as **Exhibit "A"**.

12. The attached invoices sufficiently describe the nature of the legal fees and costs actually incurred in connection with Debtor's default under the loan documents.

13. On June 29, 2017, Respondent filed a Complaint in Mortgage Foreclosure against the Debtor in the Court of Common Pleas of Allegheny County, Pennsylvania at case number GD-17-009400. A true and correct copy of the foreclosure docket is attached hereto as **Exhibit "B"**.

14. The Debtor and co-Defendant, Richard McCague, were active in the foreclosure case having filed multiple pleadings and motions including answers, responses to motion for summary judgment, preliminary objections, motions to strike, and motions for special relief.[2]

15. On December 11, 2018, Summary Judgment was entered in favor of Respondent on February 11, 2019 in the amount of $61,489.32, together with interest at a rate of $6.64 per diem from April 14, 2018 until entry of the judgment [December 11, 2018] plus additional interest and costs. A true and correct copy of the judgment is attached hereto as **Exhibit "C"**.

16. On December 21, 2018, the defendants filed a Motion for Special Relief. A true and correct copy of the motion is attached hereto as **Exhibit "D"**.

17. The Motion for Special Relief was denied on January 3, 2019. A true and correct copy of the Order of Court denying the motion is attached hereto as **Exhibit "E"**.

18. A Praecipe for Writ of Execution was filed on January 21, 2019 and the Mortgaged Property was scheduled for sheriff's sale.

---

[2] In fact, despite the bankruptcy filing Defendants have continued to file pleadings in the foreclosure case the most recent of which, an Emergency Motion to Amend the Court Order of October 18, 2019 (adjourning the Sheriff's sale) was filed on November 4, 2019.

19.     Defendants filed three motions to strike the judgment on January 22, 2019, January 20, 2019, and February 6, 2019.

20.     The motions to strike were denied by Order of Court dated February 5, 2019. A true and correct copy of the Order of Court denying the motions is attached hereto as **Exhibit "F"**.

21.     The sale was subsequently adjourned multiple times as a result of the Debtor's bankruptcy filing and was adjourned to the January 6, 2020 Sheriff's Sale.

22.

23.     All of the legal fees and costs itemized in the Claim were actually incurred, were reasonable, and allowable under the loan documents and applicable law.

24.     Section 17 of the Mortgage provides that "[if] Borrower fails to perform the covenants and agreements contained in this Mortgage…then Lender, at Lender's option…may make such appearances, disburse such sums, including reasonable attorneys' fees…"Lender may collect fees and charges authorized by the Secretary."  Under the provision of the Mortgage pertaining to the borrower's right to reinstatement of default, Section 17 provides that the reinstatement shall include "reasonable attorneys' fees". *See* Claim No. 3, Page 17.

25.     Moreover, Section 22 of the Mortgage expressly provides that "Borrower agrees the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note." *See* Claim No. 3, Part 17. [emphasis added].

26.     Accordingly, the fees and costs to which the Debtor is trying to object are included in the judgment, as well as the additional interest accruing thereon at the contractual rate of 9.2400%.

27. The Debtor has no legal or factual basis to challenge the fees and costs incurred by Respondent.

### A. Debtor's Objection is Barred by the Entry of the Final Judgment in the Foreclosure Action

28. Debtor's Objection completely ignores the fact that the items she objects to are included in the underlying foreclosure judgment.

29. The Debtor is barred by *Res Judicata* and *Rooker-Feldman* from challenging the fees. See Stuart v. Decision One Mortgage, 2009 Pa.Super.103; 2009 Pa.Super.LEXIS 1000 (2009)(a default mortgage foreclosure judgment is *res judicata* to all defensive claims made or which could have been raised in that action); In re Knapper, 407 F.3d 573 (3d Cir.2005)(*Rooker–Feldman* doctrine prohibits the adjudication of an action in which the relief requested will have the effect of voiding the state court's ruling); and Hollier v Fairbanks Capital Corp Service Center (in re Hollier), 342 B.R. 212 (Bankr.,W.D.Pa.2006)(The court applied the *Rooker-Feldman* doctrine to bar a collateral attack on a default judgment in mortgage foreclosure); see also Turner v. Crawford Square Apts. III. L.P., 449 F.3d 542, 546-47 (3d Cir. 2006).

30. In Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159 (3d Cir. 2010), the Court of Appeals "[broke] down the holding of Exxon Mobil, [and] conclude[d] that there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal Debtor lost in state court; (2) the Debtor complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the Debtor is inviting the district court to review and reject the state judgments." Great Western Mining, 615 F.3d at 166 (internal quotations and alterations omitted). When these requirements are met, the district court lacks subject matter jurisdiction over the complaint. Id.

31. In this case, the elements of *Rooker-Feldman* absolutely apply to Debtor's objection in that he objects to legal fees and costs that were specifically included in the amended judgment, and the Debtor's Objection must be denied.

32. The Debtor's Objection is also barred by *res judicata* and collateral estoppel.

33. *Res judicata* typically refers to the prohibition of re-litigating claims or issues that have already been adjudicated. Federal courts must apply the doctrine of *res judicata*, and "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. Of Ed., 465 U.S. 75, 81 (1984). The Third Circuit, citing the Full Faith and Credit Act 28 U.S.C. § 1738, has ruled that in cases of parallel state-court litigation, "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, (2005).

34. Similarly, "collateral estoppel" is a preclusive doctrine that bars litigation of facts fully litigated and actually determined in a prior action involving a different claim or cause of action. If an issue of ultimate fact has once been determined by a valid judgment, that issue cannot again be litigated between the same parties in any future lawsuit. See State v. Redinger, 64 N.J. 41, 45 (1973).

35. The Debtor simply cannot now challenge the components of the judgment by objecting to the Claim without invalidating the judgment.

36. Therefore, the Objection is also barred by the doctrines of *res judicata* and collateral estoppel.

37. Moreover, the Debtor is unable as a matter of law to challenge the judgment entered in state court through an objection to proof of claim.[3]

B. **The Fees and Costs Contained in the Foreclosure Judgment were Reasonable and Allowable Under the Loan Documents and State Law**

38. Under state law, flat fees under the HUD guidelines are considered reasonable and allowable.

39. Pennsylvania has, in fact, now codified the HUD flat fee schedule as reasonable, which provides:

> § 2311. Limitation on creditor's attorney fees. [Effective December 17, 2018]
>
> (2) Attorney fees are presumed to be reasonable under paragraph (1) if they:
>
> > (i) conform with the attorney fees promulgated and as may be amended from time to time by the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs or their respective successor organizations; and
> >
> > (ii) are actually incurred for the enforcement of a mortgage obligation in this Commonwealth.

68 Pa.C.S. § 2311.

40. The legal fees and costs associated with the foreclosure proceeding were well within the guidelines for Pennsylvania, a judicial foreclosure state, set by the U.S. Department of House and Urban Development.

41. The Debtor has no basis to challenge the validity of the reasonable and customary fees and charges that were actually incurred by Respondent.

---

[3] Respondent notes Judge Gregory L. Taddonio's recent opinion in which the Court discussed, *inter alia*, the full faith and credit statute and the preclusive effect state court judgments have on federal courts. "Under the full faith and credit statute, 28 U.S.C. § 1738, 'state court decisions [must] be given the same preclusive effect in federal court they would be given in the courts of the rendering state.'" In re Scott Simpson, 16-20413-GLT (Bankr. W.D. of PA, March 29, 2019), quoting Delaware River Port Authority v. Fraternal Order of Police, 290 F. 3d 567, 537 (3d Cir. 2016).

42. The Objection fails to state any cognizable basis to reduce the Claim arrears.

43. Respondent will provide additional documentation to Debtor's counsel but the Debtor's self-serving believe that she may have paid some of the escrow items should be disregarded as the Debtor has proffered no counter evidence to demonstrate that she actually paid any taxes or insurance that were not credited to the account.

44. Notwithstanding the Debtor's inability to rebut the *prima facie* validity of the Claim she is unable, as a matter of law, to challenge the Claim without attaching the final judgment in foreclosure.

45. To the extend Debtor alleges that the fees and costs are unreasonable, and the Debtor similarly as no ability to challenge those fees and costs.

46. The invoices sufficiently describe the nature of the legal fees and costs actually incurred in connection with Debtor's default under the loan documents. All of the legal fees and costs itemized in the Claim were actually incurred, were reasonable, and allowable under the loan documents and applicable law.

47. The Debtor has not met her burden of proof to overcome the *prima facie* validity of the Claim.

48. For all of the foregoing, the Objection is without merit and should be denied it its entirety with prejudice.

**WHEREFORE**, LSF9 Master Participation Trust respectfully requests that this Honorable Court enter an order overruling the Debtor's Objection to Proof of Claim.

Respectfully submitted,

PHELAN HALLINAN DIAMOND & JONES, LLP

Date: <u>November 25, 2019</u>

<u>*/s/ Jodi L. Hause, Esquire*</u>
Jodi L. Hause, Esquire
PA ID No. 90625
Phelan Hallinan Diamond & Jones, LLP
Omni William Penn Place Office Tower
555 Grant Street, Suite 360
Pittsburgh, PA 15219
412.745.0600 / 412.745.0601 (fax)
jodi.hause@phelanhallinan.com
